958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick L. DANIELSON, Plaintiff-Appellant,
v.
Stanley J. ROSZKOWSKI, Defendant-Appellee.
 No. 90-3850.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.*
Decided March 20, 1992.
 
 Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 A defendant must be acting under color of state law to support a section 1983 action. West v. Atkins, 487 U.S. 42 (1988). Judge Rovner correctly determined that then attorney (now judge) Roszkowski did not act under color of state law in his representation of appellant Danielson in a state court criminal matter.
 
 
 2
 A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Similarly, contrary to appellant's strenuous assertions, an attorney that is retained (as was Roszkowski) to defend a defendant in a state court criminal action does not act under color of state law for purposes of section 1983. An attorney is an officer of the court, not an officer of the state. Id. at 318-19. Accordingly, the district court's decision to deny in forma pauperis status and dismiss appellant's section 1983 action is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record